IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

BRITNEY B. SCONIERS,                )
                                    )
          Plaintiff,                )
                                    )
v.                                  )     CASE NO.: 2:17-cv-555-MHT-GMB
                                    )     [WO]
MEGAN J. BRENNAN, *et al.*,          )
                                    )
          Defendants.               )

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On November 16, 2017, this matter was referred to the undersigned United States Magistrate Judge for consideration and disposition or recommendation on all pretrial matters as may be appropriate. Doc. 21.  Before the court is a motion to dismiss for improper venue filed by *pro se* Defendant Willie A. Lee. Doc. 11.  On October 12, 2017, Plaintiff Britney B. Sconiers filed a response in opposition to Lee's motion. Doc. 13.  For the reasons that follow, the undersigned recommends that Lee's motion be DENIED, as explained below.

## I.  BACKGROUND

Sconiers's complaint asserts claims for sexual harassment, retaliation, retaliatory hostile work environment, assault and battery, invasion of privacy, and intentional infliction of emotional distress arising out of her employment at the United States Post Office in Enterprise, Alabama. Doc. 1.  Sconiers filed her complaint in the Northern Division of the Middle District of Alabama because she alleges that the unlawful employment practices of which she complains occurred there. Doc. 1 at ¶ 2.

Lee, who is proceeding *pro se*, answered Sconiers' complaint on September 20, 2017. In addition to generally denying all material allegations, Lee moved to dismiss Sconiers' complaint on the basis that it was filed in the wrong division. Doc. 11 at ¶ 3. Specifically, Lee argues that all of the challenged conduct took place in Enterprise, Alabama, which is located in Coffee County, Alabama, and because Coffee County is located in the Southern Division of this district, as opposed to the Northern Division, the complaint should be dismissed for improper venue. Doc. 11 at ¶ 3. Lee articulates no additional support for his argument that Sconiers' complaint should be dismissed for improper venue.

## II. DISCUSSION

Sconiers and Lee do not dispute that venue is proper in the Middle District of Alabama. Rather, they dispute whether the complaint was filed in the proper division within that district—Sconiers claiming that the lawsuit is properly filed in the Northern Division, with Lee contending that the lawsuit should have been filed in the Southern Division. The relevant venue statute provides:

A civil action may be brought in—

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  Although the parties do not dispute that Sconiers' complaint was filed in the proper district since a substantial part of the events that give rise to Sconiers' claims occurred in the Middle District, the court independently finds that Sconiers' complaint was filed in the proper judicial district pursuant to § 1391(b). *See Young v. Maitake*, 2016 WL 3878504, at *1 (N.D. Ala. July 18, 2016).  However, even though at one time there was a "divisional venue" statute, that statute, 28 U.S.C. § 1393, was repealed by Public Law 100-702 in 1989, and this court has no local divisional rule governing venue. *See Callwood v. Phenix City, Ala.*, 2016 WL 1122681, at *2 (M.D. Ala. Mar. 22, 2016) (citing *Burris v. Holley*, 2008 WL 4417229, at *1 (M.D. Ala. Sept. 25, 2008)).  Because there is no longer a divisional venue statute, and because Lee has otherwise not met his burden of demonstrating that Sconiers' complaint should be dismissed for improper venue, the undersigned RECOMMENDS that Lee's motion to dismiss be DENIED.

To the extent Lee is requesting to transfer venue to the Southern Division, rather than to dismiss the lawsuit entirely based on improper venue, that motion is due to be denied as well.  Title 28, United States Code, Section 1404 provides: "Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district." 28 U.S.C. § 1404(b). "In evaluating a request to transfer venue, a plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." *Callwood*, 2016 WL 1122681, at *2.  "The burden is on the movant to 'show that the forum [he] suggests is more convenient or that litigating the case there would be in the interest of justice.'" *Id.*

3

(quoting *APR, LLC v. Am. Aircraft Sales, Inc.*, 985 F. Supp. 2d 1298, 1303 (M.D. Ala. 2013)).  Notably, "[s]ection 1404(b) expressly places the decision whether to transfer an action from one division to another within the discretion of the court." *Young*, 2016 WL 3878504, at *2.

The question of whether to transfer venue is a two-pronged inquiry, which first requires that the alternative venue be one in which the action could originally have been brought by the plaintiff. 28 U.S.C. § 1404(a).  "The second prong requires courts to balance private and public factors to determine if transfer is justified." *Callwood*, 2016 WL 1122681, at *1.

> Courts rely on a number of factors including: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Id.* (citing *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005)).  The first prong of the inquiry has been met in this case because the complaint could have been filed in the Southern Division of the Middle District since the events giving rise to Sconiers' claims occurred there.  However, when considering the second prong, Lee's motion only addresses the "locus of operative facts."  As a result, as Sconiers points out, the court "has nothing [else] to weigh." Doc. 13.  Lee simply has not met his burden of demonstrating that Sconiers' choice of forum is "clearly outweighed" by other considerations. *See Callwood*, 2016 WL 1122681, at *3 (citing *Robinson v. Giarmarco &*

*Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996)).   Accordingly, for these reasons, the undersigned RECOMMENDS that Lee's motion to dismiss, to the extent it requests to transfer venue to the Southern Division, be DENIED.

### III.  CONCLUSION

Accordingly, for the reasons explained above, it is the RECOMMENDATION of the Magistrate Judge that Defendant Willie A. Lee's motion to dismiss (Doc. 11) be DENIED.

It is further ORDERED that the parties are DIRECTED to file any objections to this recommendation **on or before February 28, 2018**.  Any objections filed must identify the specific findings in the Magistrate Judge's recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the district court. The parties are advised that this recommendation is not a final order of the court, and therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the district court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the district court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Secs., Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 13th day of February, 2018.

GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE