IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRITNEY B. SCONIERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:17-cv-555-ECM-GMB |
| ) | [WO] |
| MEGAN J. BRENNAN, UNITED ) | |
| STATES POSTAL SERVICE, AND ) | |
| WILLIE A. LEE, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1), this case was referred to the United States Magistrate Judge for all pretrial proceedings and entry of any orders or recommendations as may be appropriate. Doc. 54. Plaintiff Britney B. Sconiers ("Sconiers") filed this lawsuit on August 14, 2017, and filed an amended complaint on July 31, 2018. Doc. 50. Now before the court is the partial motion to dismiss filed by Megan J. Brennan ("Brennan"), in her official capacity as Postmaster General of the United States, and the United States Postal Service ("USPS"). Doc. 56.[1] After careful consideration of the parties' submissions and the applicable law, the undersigned RECOMMENDS that the partial motion to dismiss (Doc. 80) be GRANTED, resulting in the dismissal of some aspects of the Title VII claims and the dismissal of the state-law claims for lack of subject-matter jurisdiction.

---

[1] Willie A. Lee is an individual defendant who is proceeding *pro se*. He filed an answer to the original complaint (Doc. 11), but has not responded to the amended complaint.

## I. JURISDICTION AND VENUE

The court has subject-matter jurisdiction over the Title VII claims in this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-16(c). Jurisdictional issues have been raised as to the state-law claims. The parties do not contest personal jurisdiction or venue, and the court finds adequate allegations to support both.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The following is a recitation of the facts as alleged in the amended complaint.

Sconiers was employed by USPS as a Sales, Services/Distribution Associate. Sconiers alleges that throughout her employment she was subjected to sexual harassment by Willie A. Lee, another USPS employee who was a supervisor of Sconiers. The factual allegations include descriptions of two assaults. Sconiers alleges that she suffered retaliation after she complained about the conduct and filed a formal complaint.

Sconiers brings claims pursuant to Title VII of the Civil Rights Act of 1964, and state-law claims for assault and battery against Lee and USPS, invasion of privacy against Lee and USPS, and intentional infliction of emotional distress against Lee and USPS.

## III. STANDARDS OF REVIEW

**A.    Rule 12(b)(1)**

A Rule 12(b)(1) motion challenges the district court's subject-matter jurisdiction and takes one of two forms: a facial attack or a factual attack. A facial attack on the complaint requires the court to assess whether the plaintiff has alleged a sufficient basis for subject-matter jurisdiction. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). A factual attack, on the other hand, challenges the existence of subject-matter jurisdiction

based on matters outside the pleadings. *Lawrence*, 919 F.2d at 1529. Under a factual attack, the court may hear conflicting evidence and decide the factual issues that determine jurisdiction. *Colonial Pipeline Co. v. Collins*, 921 F.2d 1237, 1243 (11th Cir. 1991). The burden of proof on a Rule 12(b)(1) motion is on the party averring jurisdiction. *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942).

**B.     Rule 12(b)(6)**

In considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). To survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is "plausible on its face" if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Factual allegations need not be detailed, but "must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Iqbal*, 556 U.S. at 678.

**IV.  DISCUSSION**

Brennan and USPS (collectively the "Federal Defendants") move to dismiss certain aspects of the Title VII claims and also move to dismiss the entirety of Sconiers' state-law

claims against them.

A.     **Title VII Claims**

The Federal Defendants seek dismissal of the Title VII claims to the extent that the claims are brought against USPS directly and to the extent Sconiers seeks punitive damages.

Sconiers concedes that the Title VII claims can be brought only against Megan J. Brennan in her official capacity as Postmaster General. Doc. 61 at 2[2]; *see also Canino v. U.S. E.E.O.C.*, 707 F.2d 468, 472 (11th Cir. 1983) (stating "the district court correctly dismissed the defendants since the head of the agency involved is the only appropriate defendant in a Title VII action").  The court will, therefore, recommend that the Title VII claims asserted directly against USPS be dismissed.

As to the second issue, Title VII provides for punitive damages against a party "other than a government, government agency, or political subdivision." 42 U.S.C. § 1981a.  Although the Eleventh Circuit has not spoken on the issue, district courts within the Eleventh Circuit have determined that the "USPS is a governmental agency for the purposes of the Civil Rights Act of 1991." *Miller v. Runyon*, 932 F. Supp. 276, 277 (M.D. Ala. 1996); *see also Roland v. Potter*, 366 F. Supp. 2d 1233, 1235 n. 2 (S.D. Ga. 2005). This approach has been adopted in other circuits. *See Robinson v. Runyon*, 149 F.3d 507, 516 (6th Cir. 1998) (finding that Postal Service is a government agency and therefore is

---

[2]  Sconiers notes in her brief that she seeks leave to file an amended complaint to omit USPS as a party to the Title VII claim. Doc. 61 at 2.  This reference within in her brief is not a properly supported motion to amend and so the court does not construe it as a motion seeking relief.

specifically exempted from punitive damages under 42 U.S.C. § 1981); *Baker v. Runyon*, 114 F.3d 668, 669 (7th Cir. 1997) (same). Those courts have reasoned that although the USPS has a commercial-like operation, it functions as part of the federal government. *See, e.g.*, *Robinson*, 149 F.3d at 516. This court is persuaded to follow its sister courts in reasoning that USPS is a government agency against which punitive damages cannot be awarded. As a result, the court recommends dismissal of the claim for punitive damages asserted against USPS through Brennan in her official capacity.

**B.     State-Law Claims**

The Federal Defendants move for dismissal of the state-law claims on the basis of sovereign immunity,[3] arguing first that the state-law tort claims must be brought pursuant to the Federal Tort Claims Act ("FTCA") and that only the United States can be a proper party to an FTCA suit. *See Caldwell v. Klinker*, 646 F. App'x 842, 846 (11th Cir. 2016) (stating that because "the FTCA was the exclusive remedy for Caldwell's tort claims for money damages, whether or not he invoked the FTCA or named the United States as a defendant, he could not have proceeded against the federal agencies or employees in their own names"). Sconiers concedes that the United States is the only proper party to an FTCA

---

[3] The Federal Defendants also move for dismissal of the tort claims on the basis that Sconiers cannot bring intentional tort claims pursuant to the FTCA and that Sconiers' state-law claims against them are preempted by Title VII. For reasons to be discussed below, the court lacks subject-matter jurisdiction over the state-law tort claims asserted against the Federal Defendants and will recommend dismissal of those claims. The court, therefore, does not address the remaining arguments raised by the Federal Defendants regarding grounds for dismissal of the state-law claims asserted against them. *Cf. Setterlund v. Potter*, 2006 WL 3716039, at *4 (D. Mass. Dec. 15, 2006) (dismissing state law tort claims for failure to exhaust and finding state-law claims that do not allege common-law torts preempted by Title VII).

5

claim, noting in her brief that she seeks to add the United States as a party. Doc. 61 at 8;[4] *see also Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988) (stating that "an FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction").

The Federal Defendants also argue that Sconiers cannot assert her claims under the FTCA because she has not exhausted her administrative remedies. Sconiers concedes that she has not exhausted her administrative remedies, but states in her brief that she intends to mail an administrative claim to USPS. Doc. 61 at 12. Sconiers relies on 28 U.S.C. § 2679(d)(5)[5] and equitable tolling case law to support her argument that she should be allowed to proceed with her claims in this case before exhausting her administrative remedies.

It is well-settled that the United States, as a sovereign entity, is immune from suit unless it consents to be sued. *Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1188 (11th Cir. 2011). The federal government has waived its immunity from suits based

---

[4] Sconiers does not, however, file a motion to add the United States. The court notes that there is a statutory mechanism by which the United States can substituted for an individual defendant upon proper certification. *See* 28 U.S.C.A. § 2679(d)(1) ("Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States."). That certification has not occurred in this case.

[5] The text of this statute is as follows:
> Whenever an action or proceeding in which the United States is substituted as the party defendant under this subsection is dismissed for failure first to present a claim pursuant to section 2675(a) of this title, such a claim shall be deemed to be timely presented under section 2401(b) of this title if—
> (A) the claim would have been timely had it been filed on the date the underlying civil action was commenced, and
> (B) the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action.

28 U.S.C. § 2679.

on state-law tort claims through the FTCA. *Zelaya v. United States*, 781 F.3d 1315, 1321–22 (11th Cir. 2015).  The FTCA provides that an "action shall not be instituted upon a claim against the United States for money damages" unless the plaintiff has first exhausted his or her administrative remedies. 28 U.S.C. § 2675(a).  To exhaust administrative remedies, "the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a).  "Because '[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies,' [a] district court lacks subject matter jurisdiction over prematurely filed suits." *Turner ex rel. Turner v. United States*, 514 F.3d 1194, 1200 (11th Cir. 2008) (quoting *McNeil v. United States*, 508 U.S. 106, 113 (1993)).

The equitable tolling cases on which Sconiers relies do not address the jurisdictional issue presented in this case because they are not FTCA cases. *See* Doc. 61 at 12 (citing *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (addressing equitable tolling of the statute of limitations for 28 U.S.C. § 2255); *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89 (1990) (addressing equitable tolling of the period in which to file suit after an EEOC notification letter)).

Even accepting Sconiers' argument that 28 U.S.C. § 2679(d)(5) incorporates equitable tolling concepts, however, that statute does not answer the jurisdictional issue presented here because it applies only after the United States has been substituted for an individual and the case has been dismissed for failure to present a claim to the appropriate agency. *See Martin v. United States*, 439 F. App'x 842, 845 (11th Cir. 2011) (stating that

7

§ 2679(d)(5) "unquestionably includes a threshold condition, namely that there is 'an action or proceeding in which the United States is substituted as the party defendant' that 'is dismissed for failure first to present a claim' to the proper administrative agency"). Those events have not happened here. Whether the statute may have some bearing on a timeliness determination at a future point is not presently at issue. *Cf. Moore v. Anniston Army Depot*, 2014 WL 28860, at *3 (N.D. Ala. Jan. 2, 2014) ("This action will be dismissed for lack of jurisdiction. The dismissal will not be determinative of whether an appropriate Federal Agency should give some consideration to a later filed claim which the plaintiffs may file. Any such determination may be subject to further Federal court review in a separate action.").

With respect to the exhaustion requirement of the FTCA, the Supreme Court has explained that

> Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process. Every premature filing of an action under the FTCA imposes some burden on the judicial system and on the Department of Justice which must assume the defense of such actions. Although the burden may be slight in an individual case, the statute governs the processing of a vast multitude of claims. The interest in orderly administration of this body of litigation is best served by adherence to the straightforward statutory command.

*McNeil v. United States*, 508 U.S. 106, 112 (1993). This reasoning undercuts any argument that administrative remedies can be pursued while the claims are pending in this court. *See also Gregory v. Mitchell*, 634 F.2d 199, 204 (5th Cir. 1981)[6] (stating that waivers of

---

[6] *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981), held that the decisions of the United States Court of Appeals for the Fifth Circuit decided on or before September 30, 1981 are binding precedent in the Eleventh Circuit.

sovereign immunity must be strictly construed and "[f]urther, to allow the district court to stay or hold in abeyance the damage claim against the FDIC until the six month period accrues would tend to increase the congestion in our already heavily burdened district courts"). Until the administrative remedy is exhausted, this court "lacks subject matter jurisdiction over prematurely filed suits." *Turner ex rel. Turner*, 514 F.3d at 1200. Therefore, this court cannot conclude that there is a basis for it to exercise subject-matter jurisdiction over Sconiers' state-law tort claims.

Because the United States is not a party, and because Sconiers has not exhausted her FTCA administrative remedies, this court lacks subject-matter jurisdiction over the state-law tort claims brought against Brennan in her official capacity and against USPS, and those claims are due to be dismissed for lack of jurisdiction.

## V.  CONCLUSION

For the foregoing reasons, the undersigned Magistrate Judge RECOMMENDS that the partial motion to dismiss (Doc. 56) be GRANTED, and further RECOMMENDS as follows:

1. Plaintiff's claims for punitive damages under Title VII against Megan J. Brennan in her official capacity be DISMISSED.

2. The Title VII claim against USPS be DISMISSED.

3. The state-law FTCA claims against Brennan and USPS be DISMISSED for lack of subject-matter jurisdiction.

It is further ORDERED that the parties are DIRECTED to file any objections to the report and recommendation **not later than October 16, 2018**. Any objections filed must

specifically identify the findings in the Magistrate Judge's report and recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this report and recommendation is not a final order of the court and, therefore, is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report and recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the report and recommendation and shall bar the party from attacking on appeal factual findings in the report and recommendation accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. *See Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 2nd day of October, 2018.

/s/ Gray M. Borden
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE