IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BRITNEY B. SCONIERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV. ACT. NO. 2:17cv555-ECM |
| | ) | (WO) |
| MEGAN J. BRENNAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the court is the Recommendation of the Magistrate Judge (doc. 65) which recommends that the defendants' partial motion to dismiss (doc. 56) be granted and that the plaintiff's claims for punitive damages against defendant Megan J. Brennan in her official capacity be dismissed, that the plaintiff's Title VII claim against defendant USPS be dismissed, and that the plaintiff's state law FTCA claims against defendants Brennan and USPS be dismissed for lack of subject-matter jurisdiction. (Doc. 65). On October 16, 2018, the plaintiff filed objections to the Recommendation. (Doc. 66). The Court has carefully reviewed the record in this case, including the Recommendation, and the plaintiff's objections. *See* 28 U.S.C. § 636(b).

When a party objects to a Magistrate Judge's Recommendation, the district court must review the disputed portions of the Recommendation *de novo*. 28 U.S.C.

§ 636(b)(1). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." FED.R.CIV.P. 72(b)(3). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. Of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). *See also United States v. Gopie,* 347 F. App'x 495, 499 n. 1 (11th Cir. 2009). However, objections to the Recommendation must be sufficiently specific in order to warrant *de novo* review. *See Macort v. Prem, Inc.,* 208 F. App'x 781, 783-85 (11th Cir. 2006). Otherwise, a Recommendation is reviewed for clear error. *Id.* The plaintiff's objections to the Recommendation lack specificity and fail to state any factual bases for her objections. *See* Doc. 66. For example, "the plaintiff objects to all factual and/or legal findings of the Magistrate Judge."[1] (*Id.* at 3). Thus, due to the lack of specificity in the plaintiff's objections, the Court reviews the Recommendation for clear error, and finds that the plaintiff's objections are due to be overruled.[2]

Relying on *Martin v. United States*, 439 F. App'x 842 (11th Cir. 2011) (No. 11-11140) (unpublished opinion), the plaintiff first objects to the dismissal of her FTCA claims. She argues that her claims should not be dismissed because the claims

---

[1] Rather than raise specific objections, the plaintiff asserts that she "seeks leave to amend her complaint." (Doc. 66 at 2, 3, & 4).

[2] Although the plaintiff's objections are general in nature, one objection warrants a more detailed analysis by the Court. While the lack of specificity in the plaintiff's objections require review under the clear error standard, even under the more stringent *de novo* review, the plaintiff's objections are due to be overruled for the reasons set forth herein.

.

"would have been timely had they been filed on the date the underlying civil action was commenced." (Doc. 66 at 2). Her reliance on *Martin* is misplaced. While 28 U.S.C. § 2679(d)(5) provides a limited exception to an untimely filed FTCA claim, that section "unquestionably includes a threshold condition, namely that there is "an action or proceeding in which the United States is substituted as the party defendant" that "is dismissed for failure first to present a claim" to the proper administrative agency. § 2679(d)(5). *Martin*, 439 F. App'x at 845. Sconiers cannot meet this condition because the United States has never been substituted as a defendant in this action. Consequently, the Court lacks subject matter jurisdiction over the plaintiff's Federal Tort Claims Act ("FTCA") claims because she has failed to exhaust her claims as required by the FTCA. *See* 28 U.S.C. § 2675(a). The plaintiff's exclusive remedy against the individual defendants is pursuant to the FTCA. *See* 28 U.S.C. § 2679.[1] Under the FTCA, Congress waived sovereign immunity and granted consent for the United States to be sued for acts committed by any "employee of the Government while acting within the scope of his office or employment." 28 U.S.C.

---

[1] Title 28 U.S.C. § 2679(b)(1) provides, in pertinent part, as follows:

> The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property, or personal injury or death arising from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee.

.

§ 1346(b)(1). However, a prerequisite to filing suit is that "[a]n action shall not be instituted . . . unless the claimant [has] *first* presented the claim to the appropriate Federal agency and [her] claim [has] been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a) (emphasis added). *See Turner ex rel. Turner v. United States*, 514 F.3d 1194, 1200 (11th Cir. 2008). *See also Dalrymple v. United States*, 460 F.3d 1318, 1324 (11th Cir. 2006); *Pompey v. Coad*, 314 F. App'x 176, 179 (11th Cir. 2008) ("A claimant under the FTCA, however, must meet certain exhaustion requirements before a federal court may exercise jurisdiction over a suit under the FTCA, including presentation of a claim to the appropriate agency and denial of the claim by the agency."). This administrative prerequisite is jurisdictional and cannot be waived. *Barnett v. Okeechobee Hosp.*, 283 F.3d 1232, 1237 (11th Cir. 2002) (administrative notice requirement is jurisdictional and not subject to waiver); *Lykins v. Pointer, Inc.*, 725 F.2d 645, 646 (11th Cir. 1984) (same).

In her brief in response to the defendants' motion to dismiss, the plaintiff concedes that at the time she filed her response, she had not yet filed an administrative claim as required by the FTCA. *See* Doc. 61 at 12 ("The plaintiff is mailing the administrative claim to the USPS tomorrow.") In her objections to the Recommendation, she asserts that she has "presented the claim to the United States

.

Postal Service by certified mail."[3] (Doc. 66 at 2). Thus, it is clear that the plaintiff had not exhausted her administrative remedies when she instituted this action, and she cannot establish that she has satisfied the jurisdictional prerequisite for this court to exercise jurisdiction over her FTCA claims. *See Lykins*, 725 F.2d at 647 (a plaintiff must provide proof that she satisfied the jurisdictional requirements to institute suit against the government). *See also Suarez v. United States*, 22 F.3d 1064, 1065 (11th Cir. 1994) ("A federal court may not exercise jurisdiction over a suit under the FTCA unless the claimant first files an administrative claim with the appropriate agency."). Her objection to the dismissal of her state tort law FTCA claims are due to be overruled.

Sconiers next objects to the dismissal of the individual defendants but she provides the Court no legal or factual basis for her objection.[4] Thus, her objection is due to be overruled.

---

[3] Sconiers also asserts that she "seeks leave to amend the complaint to add the United States as a defendant." It has long been the law of the Eleventh Circuit that "[w]here a request for leave to file an amended complaint is simply imbedded within an opposition memorandum, the issue has not been properly raised." *Cita Trust Co. AG v. Fifth Third Bank*, 879 F.3d 1151, 1157 (11th Cir. 2018) quoting *Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009) (quotation omitted); *see also Long*, 181 F.3d at 1279–80 (holding that a plaintiff's failure to request leave to amend anywhere outside of her opposition to the motion to dismiss "preclude[d] the plaintiff's argument on appeal that the district court abused its discretion by denying her leave to amend her complaint")". Sconiers has not properly moved for leave to amend her complaint, and the United States has not been added as a party in this action.

[4] Sconiers asserts that the individual defendants should not be dismissed because she "seeks leave to amend the complaint to state *Bivens* claims against the individual defendant(s)." (Doc. 66 at 2). This is not a basis for objecting to the Recommendation, nor is it the appropriate vehicle to move to amend the complaint. *See* Fn. 1, *infra*.
.

Accordingly, for the reasons as stated and for good cause, it is

ORDERED as follows that:

1. the plaintiff's objections (doc. 66) are OVERRULED;

2. the Recommendation of the Magistrate Judge (doc. 65) is ADOPTED.

3. the defendants' partial motion to dismiss (doc. 56) be and is hereby GRANTED.

4. the plaintiff's claims for punitive damages under Title VII against defendant Megan J. Brennan in her official capacity are DISMISSED.

5. the plaintiff's Title VII claim against USPS is DISMISSED.

6. the plaintiff's state-law FTCA claims against Brennan and USPS are DISMISSED for lack of subject matter jurisdiction.

7. this case with respect to the plaintiff's remaining claims is REFERRED BACK to the Magistrate Judge for further proceedings.

DONE this 10th day of January, 2019.

/s/ Emily C. Marks
EMILY C. MARKS
UNITED STATES DISTRICT JUDGE

.